ACCEPTED
14-15-00759-cv
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
9/25/2015 4:24:59 PM
CHRISTOPHER PRINE
CLERK

CAUSE NO. 14-15-00759-CV

In The

FOURTEENTH COURT OF APPEALS

at HOUSTON, TEXAS

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
9/25/2015 4:24:59 PM
CHRISTOPHER A. PRINE
Clerk

DALE GENE JOHNSON,
Appellant,

v.

DENISE WALTERS, INDEPENDENT EXECUTOR
OF THE ESTATE OF INGA J. JOHNSON, DECEASED,
Appellee.

On Petition for Permissive Interlocutory Appeal from
Cause No. 409,860 in Probate Court No. 2 of
Harris County, Texas, Hon. Mike Wood, Presiding Judge

APPELLEE'S RESPONSE TO APPELLANT'S PETITION FOR
PERMISSIVE INTERLOCUTORY APPEAL

Judith W. Lenox
Texas Bar No. 12204400
Dinkins Kelly Lenox Lamb & Walker, LLP
2500 East T.C. Jester Blvd., #675
Houston, TX 77008
Tel.  713-759-0900
Fax  713-759-9549
jlenox@dinkinslaw.com

ATTORNEYS FOR APPELLEE

JOH305600
ND: 4841-0347-9080, v. 1

## IDENTITY OF PARTIES AND COUNSEL

Appellant:

Dale Gene Johnson

Appellant's Counsel:

Alan B. Daughtry
Texas Bar No. 00793583
3535 West Alabama, Suite 444
Houston, Texas 77098
Telephone: 281-300-5202
Facsimile: 281-404-4478
*alan@alandaughtrylaw.com*

Michael Lawrence Mott
Texas Bar No. 00797119
Law Office of Michael L. Mott, PC
3355 W. Alabama, Suite 444
Houston, Texas 77098-1876
Telephone: 713-228-1010
Facsimile: 866-290-6351
*mlm@mottlawpc.com*

Appellee:

Denise Walters, Independent Executor of
the Estate of Inga J. Johnson, Deceased

Appellee's Counsel:

Judith W. Lenox
Texas Bar No. 12204400
Dinkins Kelly Lenox Lamb & Walker, LLP
2500 East T.C. Jester Blvd., #675
Houston, Texas 77008
Telephone: 713-759-0900
Facsimile: 713-759-9549
*jlenox@dinkinslaw.com*

# TABLE OF CONTENTS

Identity of Parties and Counsel . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Statement of Undisputed Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Index of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Issue Presented . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Summary of Arguments and Authorities . . . . . . . . . . . . . . . . . . . . . 4

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Certificate of Compliance . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

## STATEMENT OF UNDISPUTED FACTS

1.      Inga J. Johnson ("Inga") and Dale Gene Johnson ("Dale") were married on or about December 23, 2005.

2.      On the date of their marriage, Dale owned properties known as (i) 167 Isaacks Road, (ii) 716 1st Street East, (iii) 317 North Avenue H, and (iv) 175 Isaacks Road, all of which properties (together "Properties") are in Humble, Harris County, Texas.

3.      By Deeds dated October 10, 2008, and December 19, 2008, Dale conveyed an undivided one-half (½) interest in the Properties to Inga.

4.      On January 5, 2010, Inga filed for divorce from Mr. Johnson in the 246th Judicial District Court of Harris County, Texas ("Divorce Court").

5.      On July 1, 2011, Inga and Dale executed an Informal Settlement Agreement ("ISA"), specifically made to be pursuant to Texas Family Code Section 6.604.

6.      Inga died on December 14, 2011.

7.      The Partition or Exchange Agreement referenced in the ISA was never signed.

8.      The ISA was never examined by the Divorce Court for a

determination as to whether the terms of the ISA were just and right, as set out in Texas Family Code Section 6.604.

# INDEX OF AUTHORITIES

Cases                                                                                    Page

*In the Interest of M.A.H., A.B.H., and C.T.H., Children,* 365 SW3d
    814 (Tex.App.–Dallas 2012, *no pet.*)  . . . . . . . . . . . . . . . . . . . . . . . . 6

*Byrnes v. Byrnes,* 19 SW3d 556 (Tex.App.–Fort Worth 2000, *no writ*) . . . . 8

Statutes

Tex. Family Code § 4.102  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Tex. Family Code § 6.601  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Tex. Family Code § 6.602  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Tex. Family Code § 6.604  . . . . . . . . . . . . . . . . . . . . . . . . . . . 1 - 2, 4 - 7

## ISSUE PRESENTED

Whether an Informal Settlement Agreement ("ISA"), executed pursuant to Texas Family Code Section 6.604, which ISA on its face contemplates a formal Partition or Exchange Agreement to be executed at a future date, some of the terms of which are included only by general references to a manual, is binding on the parties as a conventional contract, without a just and right determination by the Court.

## SUMMARY OF ARGUMENTS AND AUTHORITIES

## Section 6.604 of the Texas Family Code provides, as follows:

(a)     The parties to a suit for dissolution of a marriage may agree to one or more informal settlement conferences and may agree that the settlement conferences may be conducted with or without the presence of the parties' attorneys, if any.

(b)     A written settlement agreement reached at an informal settlement conference is binding on the parties if the agreement:

(1)     provides, in a prominently displayed statement that is in boldfaced type or in capital letters or underlined, that the agreement is not subject to revocation;

(2)     is signed by each party to the agreement; and

(3)     is signed by the party's attorney, if any, who is present at the time the agreement is signed.

(c)     If a written settlement agreement meets the requirements of Subsection (b), a party is entitled to judgment on the settlement agreement notwithstanding Rule 11, Texas Rules of Civil Procedure, or another rule of law.

(d)     If the court finds that the terms of the written informal settlement agreement are just and right, those terms are binding on the court. If the court approves the agreement, the court may set forth the agreement in full or incorporate the agreement by reference in the final decree.

(e)    If the court finds that the terms of the written informal settlement agreement are not just and right, the court may request the parties to submit a revised agreement or set the case for a contested hearing.

Tex. Family Code §6.604.

An Informal Settlement Agreement is only one of three (3) procedures for alternative dispute resolution that are described in Subchapter G of the Texas Family Code. Significantly, the first two (2) procedures, arbitration (Section 6.601) and mediation (Section 6.602), do not have the provisions related to the Court's just and right determination. Obviously, these procedures are conducted by a neutral third party. Since an informal settlement conference may occur with or without the presence of the parties' attorneys and it is not conducted by a neutral third party, presumably, the additional safeguard of the Court's review is added. Tex. Family Code §6.601-602.

Section 6.604 states that a written settlement agreement reached at an informal settlement conference is *binding on the parties* if the agreement meets certain specifications. Tex. Family Code §6.604 (emphasis

supplied). The question becomes, then, what does "binding" mean in this context. Tex. Family Code §6.604.

In *In the Interest of M.A.H., A.B.H., and C.T.H., Children*, 365 SW3d 814 (Tex.App.-Dallas 2012, *no pet.*), dealing with a negotiated agreement in a divorce proceeding which the wife was challenging, the Court affirmed the trial court's judgment ordering the parties divorced, but in all other respects remanded the case for further proceedings on the enforcement of the agreement. *M.A.H.*, at 822. The appellate court, after setting forth the provisions of Section 6.604(b) of the Texas Family Code, which describes the circumstances to make an agreement binding on the parties, stated as follows:

> If the agreement meets these requirements, then "a party is entitled to judgment on the settlement agreement notwithstanding Rule 11, Texas Rules of Civil Procedure, or another rule of law." Id. §6.604(c). *Although an agreement that meets these requirements is binding on the parties, it is not binding on the trial court unless the court finds the agreement's terms "are just and right.* 820 Id., §6.604(d). If the court so finds, then the agreement is binding on the court. However, if the court finds the terms are not just and right, "the court may request the parties to submit a revised agreement or set the case for a contested hearing." Id. §6.604(e). *M.A.H.*, at 819-820. (See also *Comero v. Comero*, 2014 WL 2547607, holding that the trial court had impliedly found a written agreement pursuant to an informal settlement conference to be just and right when it rendered judgment that the agreement was binding and enforceable). (emphasis supplied)

*M.A.H.*, at 819-820.

The appellate court in *M.A.H.* affirmed the trial court's judgment ordering the parties divorced, but in all other respects sent the case back for further proceedings regarding the agreement, noting that the "just and right" determination made by the trial court appeared to be based in part on the trial court's erroneous decision to enforce certain provisions in the agreement regarding the children, noting that those issues are outside the scope of an agreement under Section 6.604 of the Texas Family Code. *M.A.H.*, at 822.

In the present case, Dale is, on the one hand, saying that the ISA was made pursuant to Section 6.604 of the Texas Family Code, but at the same time he ignores an important step set out in that very statute. Once the ISA was signed, neither Dale nor Inga could unilaterally rescind the agreement, it is binding on them; however, that does not make the ISA enforceable under Section 6.604. The Court must review the ISA and, whether or not a divorce is actually granted, determine if the terms of the ISA are just and right. Tex. Family Code §6.604.

The deeds done in 2008 resulted in both Dale and Inga owning undivided one-half (½) interests in the Properties as their respective

separate property. Property owned or claimed by a spouse before marriage or acquired by a spouse during marriage by gift is that spouse's separate property. Tex. Family Code §§3.001(1) and (2). Separate property is not a proper subject of a Partition or Exchange Agreement. Tex. Family Code §4.102. Accordingly, the contemplated Partition and Exchange Agreement, in and of itself, could not operate to transfer Inga's undivided one-half (½) separate property interest in the Properties to Dale. *See Byrnes v Byrnes*, 19 SW3d 556 (Tex.App.–Fort Worth 2000, no writ). In fact the terms of the ISA and the proposed Partition and Exchange Agreement do not even require deeds to be executed by Inga. Rather the attached schedules merely set aside to Dale and Inga the real property in their respective names, and the lists in the schedules are specifically not exclusive.

## CONCLUSION

Appellee agrees that the issue regarding the enforceability of the ISA is a controlling legal issue in the probate litigation. Accordingly, Appellee has no objection to the Court's granting the petition and accepting this interlocutory appeal.

Respectfully submitted,

DINKINS KELLY LENOX LAMB &
WALKER, L.L.P.

Judith W. Lenox
Texas Bar No. 12204400

2500 East T.C. Jester Blvd., #675
Houston, Texas 77008
Telephone: 713-759-0900
Facsimile: 713-759-9549
*jlenox@dinkinslaw.com*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document was served upon counsel listed below through e-filing service, on the 25th day of September, 2015.

Alan B. Daughtry
3535 West Alabama, Suite 444
Houston, Texas 77098
*alan@alandaughtrylaw.com*

Michael Lawrence Mott
Law Office of Michael L. Mott, PC
3355 W. Alabama, Suite 444
Houston, Texas 77098-1876
*mlm@mottlawpc.com*

_____
Judith W. Lenox

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing pleading has been compiled using a computer program in WordPerfect with 14-point font conventional typeface for the body of the pleading, and 12-point font for inserts. Excluding the portions of the pleading not counted by Tex. R. App. P. 9, this pleading contains 1,753 words.

_____
Judith W. Lenox